JOSEPH WEEKS *vs.* ORLANDO STEVENS.

A jail bond is taken primarily for the benefit of the sheriff, who may institute a suit thereon for his own benefit, control and release the same.

*Quere*—Whether a bankrupt sheriff would be permitted fraudulently to discharge such bond.

This was an action on jail bond. The defendant plead a release from the plaintiff, Weeks. The plaintiff replied that the bond was the property of Hezekiah Niles, of which notice was given to the defendant before the date of the release, and that said Weeks never had any equitable interest in the bond. But there was no allegation that the bond was either assigned or delivered to Niles, nor was it stated how it became his property.

To the replication there was a special demurrer, and assigning, among other causes, the omissions in the replication adverted to.

*Stevens and De Witt for defendant.*—1. When a sheriff takes a bond for admitting a debtor to the limits of the jail yard, such bond is the property of the sheriff, and cannot become the property of the original creditor, except as directed by the eleventh section of the act relating to jails and jailers.—Rev. Stat. 220. That statute authorizes the sheriff to assign such bond, but not until the condition thereof is broken.

2. It is contended, that said replication is insufficient, because the plaintiff does not aver that said bond was assigned, sold, or even delivered, by said Weeks to said Niles. On the contrary, the plaintiff negatives any such conclusion, by affirming that said bond was always the property of said Niles.

That courts protect the rights of assignees, is not disputed. But it is contended, that when an assignee attempts to avoid the act of his assignor, in whose name the suit is prosecuted, it is necessary that he should in his replication aver the following facts:

(1.) That the bond, bill or note was legally assigned.

(2.) That it was for a good and sufficient consideration.

(3.) That the bond, bill or note was delivered to the assignee.

(4.) That notice of such assignment was given to the debtor.

(5.) That the suit was commenced by the assignee, and is prosecuted by him for his own benefit.

15 Mass. Rep. 117, *Perkins* vs. *Parker*. 11 Mass. 490, *Wood* vs. *Partridge*.

In this case the plaintiff has made no such averments.

FRANKLIN,
January,
1835.

Weeks
vs.
Stevens.

*N. L. Whittemore, contra.*—The demurrer to the replication will extend to the first defect in the pleadings, and it is insisted that the plea in bar is insufficient.

1. The plea ought to have alleged that the discharge was executed since the last continuance. It is incumbent on the defendant to make his defence the first opportunity, and if a continuance intervenes, he cannot put in such a plea. It is not sufficient to allege, that the defence arose since the commencement of the action.—Chit. 552-3.

2. Jail bonds are taken as additional security to the creditor, who owns all the interest in the original demand, on which the bond is predicated, and who is, *de facto*, owner of the bond after it is executed. The sheriff has no other interest than as an agent, liable to his principal for the sufficiency of the bond, and it is his duty to assign the bond to the creditor, on demand, without any new consideration for so doing; and the remedy on the bond is the principal one for the creditor to pursue.

3. The defendant, to avail himself of the sheriff's discharge, must show by his plea that the interest of the creditor in the bond had been extinguished by payment of the original debt; and it is necessary to aver in the plea, that all the interest was in the sheriff when the release was executed, and in what manner the interest of the creditor had passed to the sheriff.

4. As to the first cause of demurrer, it is not a matter of law, but of fact, that the replication attempts. To put in issue whether the nominal plaintiff has any interest in the bond, is a fact proper for the jury to try. The allegation is, that H. Niles is the sole owner of the bond, and that is sufficient to show that the sheriff has no interest in it.

5. The commitment is not a satisfaction of the debt, and the commitment is stated as inducement to other facts that follow, and prior matter of inducement is not admissible.

6. The replication is not double and multifarious, for the facts stated go only to make one answer to the plea.—Chitty, 640, 604, 593.

7. It is sufficiently understood from the replication, that the bond was delivered, that Niles was the owner of the bond, and that Weeks had no right or authority to discharge the same. And again, it is not necessary to allege a delivery of the bond. The sheriff prosecutes the bond, not for his own benefit, but for the benefit of the creditor, and the creditor, at any time, has a right to control the prosecution. His discharge, in all cases, is good, and

FRANKLIN,
January,
1835.

Weeks
vs.
Stevens.

the sheriff cannot object, unless he shows that the debt has been satisfied and paid to the creditor by the sheriff. A delivery without an assignment amounts to nothing; and if an assignment was averred, it would defeat a suit in the name of the sheriff.

It is clear that the creditor has a right, before the bond is either assigned or delivered, and while in the possession of the sheriff, to discharge or claim his lien on the bond, by giving notice to the debtor that he must not pay the amount to the sheriff, but must pay the same to him.

If the last proposition be correct, then the replication is sufficient; for it is alleged, that the defendant had notice on the tenth day of April, 1833, which was previous to the execution of the release.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an action of debt on jail bond, to which the defendant pleads a release by the plaintiff, Weeks. The plaintiff replies, that the bond was the property of Hezekiah Niles, of which notice was given to the defendant before the date of the release, and that Weeks never had any equitable interest in the bond. To this replication there is a demurrer.

An objection has been taken to the form of the plea, as it is not stated that the release was executed since the last continuance of the case. The plea was put in at the September term of the court, and the release was executed on the ninth of the same month. The defect in the plea, if there is any, is only in a matter of form, and the plaintiff should have demurred specially, if he considered that there was a defect in this particular.

In the replication, it is to be noticed, that it is not alleged that the bond was either assigned or delivered to Mr. Niles; nor is it stated how, when, or in what way, it ever became his property. Unless, therefore, such a bond is taken entirely for the benefit of the creditor in the execution, and the interest therein is in him, when taken, this replication cannot be sustained. A jail bond is taken, principally, for the indemnity of the sheriff, and belongs to him until it is assigned. It is assignable to the creditor, and no action can be maintained against the sheriff, until the creditor has failed to recover the contents of the persons who executed the bond, if the sheriff shall on demand assign the bond to the creditor. But, until assignment, the sheriff may maintain an action in his own name, where there has been a breach of the conditions; and as he is ultimately responsible for the ability of the signers of the

bond, he may prefer to maintain the action rather than assign. If the creditor does not demand the bond, and the signers are in failing circumstances, if he can secure it on real estate, which the creditor may not think proper to accept, or if, from any cause, it is his interest to retain the bond, he may commence a suit thereon in his own name and for his own benefit. If he can commence a suit, he may control it, receive the pay, make a compromise, take real or personal estate in satisfaction, and in short, act in prosecution of the suit for his own benefit. But in this he must act fairly and with good faith, and without any attempt or design to wrong or defraud the creditor. As the creditor may be considered as having an interest in the bond, the sheriff may not wantonly, or fraudulently, discharge a bond thus taken. A bankrupt sheriff would not be permitted to discharge or release a bond, with an intent to injure or defraud a creditor. A creditor might be permitted, in certain cases, where the sheriff was a bankrupt, and fraudulently attempted to control a jail bond, or wantonly refused to assign, to commence a suit, in the name of the sheriff, on such bond, and pursue it for his own benefit. It will be sufficient, however, when such cases arise, to determine on the respective rights of the creditor and the sheriff. It is sufficient, in this case, to say, that no such facts are stated in this replication, neither fraud or bankruptcy in the sheriff; nor is it stated that the suit is brought for the benefit of the creditor, and how or in what way he ever acquired any interest or property in the bond, either legally or equitably, so as to preclude Mr. Weeks from commencing this action in his own name, or controlling a suit thus brought. That this bond was ever in the possession of Mr. Niles, does not appear from any facts stated in the replication. The replication must therefore be adjudged insufficient, and judgment rendered for the defendant.