### John Wheeler and Jacob Washburn v. John Pettes.

When a creditor fails to collect the amount due on a jail bond, by reason of the poverty of the signers, he may sustain case against the sheriff, as for an escape; and the rule of damages, in such action, is the amount of the debt.

The poverty of the signers of the bond, in such case, is sufficiently proved by evidence, that they have removed from this state, leaving no property within the state, from which the collection of the debt could be enforced.

Although the creditor, after being apprised of the escape, may have delayed unreasonably to call for an assignment of the bond, yet the sheriff, if he were also apprised of the escape, cannot urge such delay in his own defence.

Where it appeared, in such case, that the debtor escaped in 1841, and the action against the sheriff was not commenced until 1846, and it did not appear, at what time the creditor received an assignment of the jail bond, it was held, that the court would not presume, either that the plaintiff had earlier notice of the escape than the sheriff, or that he did not take an assignment of the bond within a reasonable time after notice of the escape, or that he afterwards improperly delayed to prosecute the bond.

Trespass on the Case against the defendant, as sheriff of the county of Windsor, for the escape of one *Pingry*, a debtor of the plaintiffs, from the liberties of the jail. The facts were agreed to be as follows.

The debtor, Pingry, was committed, in March, 1839, to the jail in Windsor county, of which the defendant was then keeper, upon an execution in favor of the plaintiffs against him, amounting, in debt and costs, to $4,66, and was, on the same day, admitted by the defendant to the liberties of the jail, and thereupon executed to the defendant a jail bond, in common form, which was also signed by Homer Webster, as surety. About the first of June, 1841, Pingry departed from the liberties of the jail, without the consent of the plaintiffs, and without paying the debt; and the jail bond was afterwards assigned by the. defendant to the plaintiffs. At the time of the execution of the bond Webster was possessed of large real estate in the vicinity of Woodstock, and was perfectly responsible for several thousand dollars, and so continued for about two years after the breach of the bond, when he removed from this state to the state of Maine, where he afterwards continued to reside. The writ in this action was served upon the defendant July 15, 1846. Pingry, at the time he committed the breach of the bond, was insolvent; and he continued to be so. It was agreed, that if, upon these facts, the plaintiffs were entitled to recover, judgment should be rendered in their favor for $18,99, and interest from September 26, 1846, with costs.

The county court, May Term, 1847,—REDFIELD, J., presiding,—rendered judgment for the defendant. Exceptions by plaintiffs.

*C. French* for plaintiffs.

The plaintiffs insist, that, on admitting a prisoner to the liberties of the prison, the sheriff must, at his own risk, take such bail, as in case of escape shall be sufficient to satisfy a judgment in favor of the creditor in money; *Udall* v. *Rice*, 1 Tyl. 213; and that the bond must not merely be ample at the time, but must be such, as will be sufficient to respond the judgment. Rev. St. 455, §§ 10, 11. Ib. 225. Ib. 456, § 17. Ib. 498. The bond is for the security of the sheriff, by its terms.

It is no defence to an action upon a jail bond, taken on execution, that the breach by the debtor was more than six years previous to the commencement of the suit, and that the breach was known to the sheriff and creditor. *Keith* v. *Ware et al.*, 6 Vt. 680.

*Washburn & Marsh* for defendant.

1. It is not shown, that the plaintiffs, by reason of the *poverty* of the signers of the bond, have been prevented from collecting their debt by action upon the bond. It is not sufficient, to render the sheriff liable for an escape, that the surety, three years after the escape, has removed from the state. Sl. St. 220, § 11. Rev. St., c. 103, § 20.

2. The plaintiffs, upon their own showing, have been guilty of such neglect, as to excuse the sheriff from liability in this suit. If the sheriff must stand as guarantor of the solvency of the sureties upon a jail bond, in case of escape, his liability can only be rendered absolute by due diligence on the part of the creditors in endeavoring to enforce collection from the sureties; yet in this case, the whole debt being less than five dollars, it is agreed, that the surety was "*perfectly responsible for several thousand dollars,*" and so continued two years after the breach, and probably so to the present time,—the contrary not being alleged, but only, that he has left the state. If the plaintiffs had acted with due diligence, they might have collected their debt. In *Udall* v. *Rice*, 1 Tyl. 213, the bond was taken September 30, 1799, and an action was commenced upon it March 5, 1800, and the execution obtained in that suit was returned *non est inventus* November 14, 1800,—which was very different from the case at bar.

3. But the defendant insists, that he has literally complied with the requisitions of the statute, and that therefore he is not liable in this action. The statute was *peremptory*,—"the prisoners *shall* be admitted to the liberties," upon giving bond with *sufficient* sureties. Could the sheriff safely have *refused* such a bond, as he received in this case? If not, shall he stand as absolute *insurer* for such length of time, as the creditors may choose to let their debt lie in abeyance? Can it be, that he would have been liable for *refusing* to take the bond, and that he is also liable for *consenting* to accept it?

The opinion of the court was delivered by

Royce, Ch. J. The statutes authorizing an action to be brought against the sheriff, in a case like the present, have always been substantially the same; though the present statute is somewhat differently

worded from that of 1797. The bond is made assignable to the creditor after a breach of the condition. And if the sheriff, after such breach, assign the bond upon request, he is not liable to an action, until the sufficiency of the bond has been tested by a suit upon it in the creditor's name. But if judgment cannot be obtained upon the bond, by reason of any neglect or default of the jail-keeper in taking it, or if the debt cannotbe collected upon it, on account of the poverty of the signers, an action like the present is impliedly given against the sheriff. And though the form of the action is case, as for an escape of the debtor, yet the rule of damages has always been the amount of the debt. We have uniformly held, that the sheriff guarantees the actual sufficiency of a jail bond, when the debtor is in execution. *Udall* v. *Rice*, 1 Tyl. 213. *Scott* v. *Weeks*, Franklin County, January Term, 1828, not reported. The present parties would seem to have recognized this rule, since they have agreed in the stated case, that, if the plaintiffs are entitled to judgment, they are to recover a sum which is equal to their original demand, with all cost and interest thereon. We have, therefore, only to consider the grounds taken against the right of the plaintiffs to recover at all in this case.

It is insisted, that the failure to collect the judgment recovered on the bond has not resulted from the poverty of the signers. This is urged only in relation to Webster, the surety, against whom no jugment on the bond has been obtained. And it is stated in the agreed case, that he was amply responsible, when the bond was taken, and so continued for about two years after Pingry had committed an escape. As to his circumstances, since he removed from the state, the case is silent; but it should doubtless be taken, that he has had no property here, from which the demand could have been satisfied. We think the statute does not require the creditor to carry such a bond into any foreign state, or government, to be enforced; that, if no sufficient means of enforcing collection are to be had within our own jurisdiction, the poverty of the signers is sufficiently established.

It is also claimed, that, if the debt be lost, the loss should be attributed to negligence and delay on the part of the plaintiffs. We are not disposed to deny, that a creditor may lose his remedy against the sheriff, in a case of this kind, by an unreasonable delay to prose-
51

cute the bond after its assignment to him ; and possibly the like result might follow from similar delay in calling for an assignment of the bond, after becoming fully apprised of the escape. In the latter case, however, if it should appear, that the sheriff also had notice of the escape, it would seem, that he could not urge the delay in his own defence. For until such a bond is assigned, it belongs to the sheriff, and he may prosecute it for his own protection, or even compromise and discharge it, if not done to defraud the creditor. *Weeks* v. *Stevens,* 7 Vt. 72.

Here the case agreed upon does not state, when the plaintiffs, or the defendant, first had notice of the escape, or when the bond was assigned. And if, as the defendant contends, we are to regard the time of assignment alleged in the declaration as not being admitted for the purposes of this action, the question will then be, whether the case will justify any such presumptions against the plaintiffs, as ought to discharge the defendant upon either of the grounds above alluded to. And we perceive no safe or satisfactory ground for presuming, either that the plaintiffs had earlier notice of the escape than the defendant,—that they did not take an assignment of the bond within a reasonable time after notice of the escape,—or that they afterwards improperly delayed to prosecute the bond. On the whole, we conclude, that the right of the plaintiffs to recover was sufficiently made out.

Judgment of county court reversed, and judgment for the plaintiffs according to the agreed case.