VALENTINE WEED v. W. H. PRESTON.

*Jail Bond. Jail Yard. Laches. Neglect.*

When a creditor fails to collect the amount due on a 'jail bond through his own fault and neglect, by directing the sheriff who served the writ on the surety to the bond, not to attach his property, when it would have been without such direction, such creditor is wanting in due diligence, and cannot sustain an action against the sheriff by reason of the judgment debtor's escape from the liberties of the jail yard.

HEARD on the report of a referee, June Term, 1880, POWERS, J. presiding. Judgment for defendant. Action, to recover damages for taking an insufficient jail bond. The case is stated in the opinion.

*E. W. Smith,* for the plaintiff.

When a debtor is committed on execution, and the jailor lets him go on jail bond, he guarantees to the creditor the *actual sufficiency* of the *bond,* and to *satisfy* the *judgment* that may be recovered on the bond, if an escape is committed by the debtor. 12 Vt. 611 ; 1 Tyler, 213 ; 21 Vt. 398.

*Belden & Ide,* for the defendant, claimed substantially as is held by the court.

The opinion of the court was delivered by

ROYCE, J. The question presented, as appears from the report, is whether the defendant, a sheriff, is holden to respond to the plaintiff for damages sustained by reason of the escape of one Little, a judgment debtor to the plaintiff, from the liberties of the jail yard in Caledonia County. The said Little, and J. D. Abbott as surety, executed to the defendant a jail bond in the usual form, and thereupon Little was admitted to the liberties of the jail yard as provided by statute. After his escape the bond was duly assigned to the plaintiff, who brought suit upon it, and recovered judgment against Abbott, the surety. At the time of the taking of the bond, and at the time of the bringing of suit upon it, Abbott had attachable property sufficient to secure the claim of the plaintiff, but when judgment was obtained against him, his affairs had so changed that the execution was returned *nulla bona,* and thereupon this suit was brought. The defendant claims that he is discharged from liability by the laches and negligence of the plaintiff in directing only a nominal attachment of Abbott's property in the suit against him, when by attaching property upon the writ in that suit, ample security might have been had to respond to the judgment.

In *Wheeler et al.* v. *Pettes,* 21 Vt. 598, ROYCE, Ch. J. says: "We have uniformly held, that the sheriff guarantees the actual sufficiency of a jail bond when the debtor is in execution. *Udall* v. *Rice,* 1 Tyler, 213 ; *Scott* v. *Weeks,* Franklin County, January Term, 1828, not reported." And later, in the same opinion: "We are not disposed to deny that a creditor may lose his remedy against the sheriff in a case of this kind by an unreasonable delay to prosecute the bond after its assignment to him ; and possibly the like result might follow from similar delay in calling for an assignment of the bond, after becoming fully apprised of the escape." There can be no good reason why this rule should not extend to *any* laches or want of due diligence or good faith on the part of the creditor in prosecuting his suit upon the bond, and the only

question in the present case is whether the neglect to attach Abbott's property by the plaintiff in his suit upon the bond was such negligence as would deprive him of remedy against the defendant here. As is said in *Udall* v. *Rice, supra*, " The sheriff must take such bail as is not merely sufficient at the time of executing the bond, but such *as will be sufficient to respond the judgment*." But in the light of the other authority and of common sense, this language must be construed as if there were added the words, " Provided the creditor, having elected to take an assignment of the bond and prosecute it himself, does so with reasonable and proper diligence and good faith." No bad faith is imputed to any of the parties in this case ; but we think the neglect to secure his claim against Abbott by attachment in the usual way, was such a want of due diligence on the part of the plaintiff as must be held to exonerate the sheriff.

The plaintiff elected to take an assignment of the bond, as the statute provides that a creditor may do, and to bring and prosecute suit upon it in his own name and behalf. When he took that assignment the bail was solvent and responsible ; by taking it he deprived the sheriff of all power or opportunity to take any action in the matter or any measures for his own security. It thereupon became the duty of the plaintiff to prosecute the bond with due diligence, and in the ordinary course, and use all due means to secure his claim from the signers of it. In the usual course, Abbott having ample property legally subject to attachment, an attachment should have been made upon the writ of sufficient thereof to respond the judgment. The referee finds that the officer who served the writ could and would have made such attachment had he not been otherwise instructed by the plaintiff's attorney. Had the usual course been followed and property attached, the bond would have been " sufficient to respond the judgment," the claim of the plaintiff fully secured and the sheriff exonerated. Since the plaintiff elected to depart from the usual course because of his confidence in the financial responsibility of Abbott,.we think the loss resulting therefrom should be borne by him rather than by the defendant. The case seems analogous in principle to *Wait* v. *Dana*, Brayt. 37, in which it was held that the plaintiff, assignee

of a bail bond, agreeing to have a suit thereon reviewed (under the then practice) on nominal bail, whereby the debt was lost, the sheriff was exonerated.

The judgment of the County Court is affirmed.